ELMER FORD, Appellant, v. H. L. DAYTON et al., Appellees.

**MINES AND MINERALS: Lien of Miner—Extent.** A miner's lien
1   for opening and working a coal mine for a lessee whose lease covers
only the coal and a necessary part of the surface, does not extend
to the *entire tract* of land covering the mine and owned by the lessor.

**MINES AND MINERALS: Lien of Miner—Priority Over Mortgage.**
2   A miner who opens and works a coal mine for a lessee has a lien
on the leasehold prior to a mortgage on the entire tract of land, the
mortgage not assuming to cover such leasehold.

**Headnote 1:** 27 Cyc. p. 774.   **Headnote 2:** 27 Cyc. p. 778.

*Appeal from Webster District Court.*—B. R. BRYSON, Judge.

MARCH 9, 1926.

ACTION in equity, to foreclose a miner's lien. The material
facts are stated in the opinion.—*Modified and remanded.*

*Mitchell, Files & Mulholland,* for appellant.

*Healy, Thomas & Healy,* for appellees.

STEVENS, J.—I. The plaintiff, Elmer Ford, appellant
herein, performed work and labor for Grover Higby, who, as
lessee of H. L. Dayton, opened and for a brief time operated a
coal mine on a 60-acre tract belonging to the
lessor in Webster County, and brings this action
in equity to foreclose his lien for the amount due
him for such work and labor.

1. MINES AND
MINERALS: lien
of miner: ex-
tent.

Prior to September 26, 1922, the date on which appellant
commenced work for the lessee, the lessor executed a mortgage
for $6,252 to his father, Frank Dayton, which was not recorded
until November 29, 1922. Appellant worked in the mine until
the following January. The lease to Higby bears date May
22, 1922, and covers:

"All of the coal to be found in and under the following
described premises [describing them] in the vein known as No.
5; * * * with full right and authority at any time during said
term, to work, search, dig, drill and mine for the same, and in

and about the exercise of such right and authority to use, construct and employ all proper machinery, structures, and other suitable means, and to occupy and use the surface of said premises in such manner and to such extent and not otherwise, as shall be necessary to the profitable and convenient prospecting for and mining and removal of the coal hereby leased, together with the privilege to said party of the second part of using gratuitously during the continuance of this lease, all railroads, entries, buildings and fixtures, constructed or used by him on said premises for the purpose of mining and removing coal.''

The court found that appellant was entitled to a lien on all of the personal property situated and used in and about the mine, and also upon the leasehold of the lessee, but decreed same to be junior and inferior to that of the mortgagee, and that the leasehold be appraised before the sale thereof on execution, and that the proceeds realized therefrom be first applied to the extinguishment of the mortgage.

The statute (Section 3105, Code of 1897) creating a lien in favor of miners is as follows:

''Sec. 3105. Every laborer or miner who shall perform labor in opening, developing or operating any coal mine shall have a lien upon all the property of the person, firm or corporation owning or operating such mine, and used in the construction or operation thereof, including real estate and personal property, for the value of such labor, to the full amount thereof, to be secured and enforced as mechanics' liens are.''

The principal point of controversy is as to the extent of the lien and the property covered thereby. The statute was first construed by this court in *Mitchell v. Burwell*, 110 Iowa 10. The interpretation there placed upon the statute is the principal support of appellant's contention that his lien not only covered the personal property of the lessee in and about the mine, together with his leasehold interest, but also extended to the entire tract upon which the mine is located. The lease in the above cited case covered the mine and also the land upon which it was located. We held that the lien covered both the property of the lessee and, to the extent that its value was enhanced by the opening of the mine and the permanent improvements placed thereon by the lessee, the entire leased premises.

The next case decided by this court in which Section 3105 was involved is *Caster v. McClellan*, 132 Iowa 502.   We held in that case that the lien of the miner extended only to the property of the lessee by whom he was employed, and that it did not cover the land of the lessor upon which the mine was located.   This case, it seems to us, is decisive of the present appeal.   If the lien of appellant covered only the property of his employer, as we held in the above cited case, then clearly he did not have a lien upon the 60-acre tract as a whole.   We held specifically in the *Caster* case that the miner's lien does not cover the property of both the lessee and the lessor.   The present lease included only the coal under the surface and such portion of the surface as was reasonably necessary to the equipment and operation of the mine.

The reference to *Mitchell v. Burwell*, supra, in *Rickabaugh v. Ferrick*, 198 Iowa 868, was not intended to be construed as an extension of the doctrine of the *Mitchell* case, nor as a reaffirmation of the holding thereof.   The writer merely referred to this case and that of *Caster v. McClellan*, supra, for the purpose of indicating the apparent scope of our prior decisions on a point not decided in the *Rickabaugh* case.   A careful re-examination of the statute and of the decisions of this court bearing upon the subject leaves no doubt in the mind of the court as to the true construction of the statute.   The doctrine of the *Caster* case is applicable, and controls the facts of this case.

II.   The mining lease executed by H. L. Dayton to Grover Higby antedates the mortgage of the appellee Frank Dayton. The defendants filed a joint answer, in which they asked that 2. MINES AND MINERALS: lien of miner: priority over mortgage. the lien of the mortgage be given priority over whatever lien appellant might be found entitled to.   The mortgage does not cover the leasehold, and no such claim is made by appellees.   This being true, there is no controversy as to priority of liens between the mortgagee and appellant, in so far as the leasehold is concerned.   We have, therefore, no occasion at this time to consider or determine the scope of appellant's lien upon the leasehold, nor his legal or equitable rights touching the same, and therefore refrain from the expression of an opinion thereon.   The decree below provided that the improvements erected upon the premises by the

lessee be first appraised and sold to satisfy appellant's claim, and that, upon the issuance of execution to enforce the lien of appellant, and upon the sale of said leasehold interest, the same be appraised, and the mortgage of Frank Dayton first paid and satisfied. This provision of the decree is erroneous, for the reason, as already stated, that the mortgage on the premises does not cover the leasehold. This provision of the decree should be wholly eliminated, and a decree in conformity with this opinion entered below. In all other respects the decree is affirmed. The cause will be remanded to the court below, to be modified in the particulars designated.—*Modified and remanded.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.